| Case No. | **CV 11-03536 DMG (JEMx)** | Date | May 26, 2011 |
|---|---|---|---|
| Title | *Fernando Cubillas v. Dav-El Los Angeles, Inc., et al.* | Page | 1 of 5 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT**

On December 11, 2009, Plaintiff Fernando Cubillas filed a class action complaint in Los Angeles County Superior Court against Defendant Dav-El Los Angeles and Does 1 through 50. On April 5, 2011, Plaintiff filed the operative second amended complaint. The second amended complaint names as defendants Dav-El Los Angeles, Dav-El San Francisco, Dav-El Transportation, Inc., Dav-El Services, Inc., Dav-El Reservation Systems, Inc., Dav-El Livery, Inc., Dav-El Worldwide, Dav-El Chauffeured Transportation Network, Dav-El Boston, and Does 7 through 50.

On April 25, 2011, Defendant Dav-El Boston, Inc. removed this action from Los Angeles County Superior Court. Dav-El Boston invokes removal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453. Because the second amended complaint appeared on its face to fall into one of the exceptions to CAFA jurisdiction,[1] on May 4, 2011, the Court issued an Order to Show Cause ("OSC") why this action should not be remanded [Doc. #7].[2] The parties filed their responses on May 18, 2011 [Doc. ##8, 12].

---

[1] The Court requested that the parties address both exceptions set forth in 28 U.S.C. § 1332(d)(4). As the Court concludes that the exception in 28 U.S.C. § 1332(d)(4)(A) applies, it does not reach the question of whether Defendants Dav-El Los Angeles and Dav-El San Francisco are "the primary defendants." 28 U.S.C. § 1332(d)(4)(B).

[2] Defendants correctly point out that the burden to show a CAFA exception falls on the plaintiff (Defs.' Response at 7 (citing *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007))) but do not challenge the Court's authority to raise the issue *sua sponte*. Courts should remand when they find themselves without subject matter jurisdiction. *See Hertz Corp. v. Friend*, __ U.S. __, 130 S.Ct. 1181, 1193, 175 L.Ed.2d 1029 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). There is no reason why this principle should differ in the CAFA context. *See Lucker v. Bayside Cemetery*, 262 F.R.D. 185 (E.D.N.Y. 2009) (dismissing case *sua sponte* for lack of subject matter jurisdiction based on one of the CAFA exceptions); *Hirschbach v. NVE Bank*, 496 F. Supp. 2d 451, 458-62 (D.N.J. 2007) (same). *Compare* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject

Under CAFA, federal courts have subject matter jurisdiction over class action suits involving at least 100 class members where there is minimal diversity, *i.e.*, any member of the plaintiff class is diverse from any defendant, and where the aggregate amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010). CAFA provides certain exceptions to federal jurisdiction. One of these exceptions, involving a "local controversy," is relevant here:

A district court shall decline to exercise jurisdiction . . .

(A)(i) over a class action in which—

    (I)    greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

    (II)    at least 1 defendant is a defendant—

        (aa)    from whom significant relief is sought by members of the plaintiff class;

        (bb)    whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

        (cc)    who is a citizen of the State in which the action was originally filed; and

    (III)    principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii)    during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons . . . .

28 U.S.C. § 1332(d)(4).

matter jurisdiction, the case *shall* be remanded." (emphasis added)) *with* 28 U.S.C. § 1332(d)(4) ("A district court *shall* decline to exercise jurisdiction [if the local controversy exception applies]." (emphasis added)).

Defendants concede that more than two-thirds of the proposed class members are California citizens (Defs.' Response at 9) and that no other class action against them involving the same or similar factual allegations was filed during the three years before Plaintiff filed this lawsuit (*id.* at 12). Thus, the propriety of removal turns on whether Plaintiff seeks significant relief from at least one of the California defendants based on alleged conduct that forms a significant basis for the claims asserted on behalf of the putative class and whether the class allegedly incurred the principal injuries in California.

There is no dispute as to the citizenship of any defendant. Defendants Dav-El Los Angeles and Dav-El San Francisco are California citizens and the remaining defendants are not. (2nd Am. Compl. ¶¶ 9-17; Defs.' Response at 13.) In evaluating whether the local controversy exception applies, the Court must confine its inquiry to the allegations in the second amended complaint. *See Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1015 (9th Cir. 2011).

As alleged in the second amended complaint, Dav-El is a "group of entities which are related by common ownership and the referral of clients through the Dav-El Reservation System." (2nd Am. Compl. ¶ 66 (internal quotation marks omitted).) Dav-El provides chauffeured ground transportation to clients. (*Id.* ¶ 39.)

> Dav El Los Angeles, Inc. is the Los Angeles branch of a worldwide organization that has its headquarters in Boston, MA. Although Dav El Los Angeles, Inc. has its own reservations, accounts receivable, accounts payable and payroll departments and can operate independently, it is inextricably linked to the national headquarters.

(Decl. of Jennifer Kramer in Support of Pl.'s Opp'n to Def. Dav-El Boston's Mot. to Quash ("Kramer Declaration"), Ex. F at 1650.)[3] Dav-El Los Angeles employees include chauffeurs. (*Id.* at 1628; 2nd Am. Compl. ¶ 51.)

---

[3] Defendants attach this pleading as Exhibit C to their request for judicial notice in support of their response to the OSC [Doc. #9]. Exhibit F to the Kramer Declaration is the Dav-El Los Angeles reservations department's "Training & Resource Manual." The Court agrees with Defendants that judicial notice is appropriate—at least with respect to Exhibit F—because Plaintiff refers to this document in the second amended complaint. (*See* 2nd Am. Compl. ¶ 43 ("The Dav-El Los Angeles, Inc. reservations department manual includes an organizational chart with 'Dav El Worldwide' at the top of the chart."); *accord id.* ¶ 51.) Where, as here, a court may not look beyond the operative complaint, it may nonetheless consider "documents whose contents are alleged in [the] complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (quoting *Branch v. Tunnell*, 14 F.3d 449 (9th Cir. 1994)).

Plaintiff seeks to certify a class of current and former chauffeurs "employed by any Dav-El entity in California." (2nd Am. Compl. ¶ 26.) Plaintiff asserts claims under the California Labor Code and Business and Professions Code for failure to pay wages and overtime compensation, failure to provide meal periods, rest breaks, and accurate, itemized wage statements, and unfair business practices. (*Id*. ¶¶ 76-118.)

It is plain from the face of the second amended complaint that Defendant Dav-El Los Angeles is a defendant "from whom significant relief is sought by members of the plaintiff class." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa). Each of Plaintiff's causes of action allege that Dav-El Los Angeles' employment practices violate state law. Plaintiff seeks monetary and injunctive relief equally from all defendants. Thus, subsection (aa) is satisfied:

> The complaint seeks damages equally from [the local defendant] and [the out-of-state parent]. There is nothing in the complaint to suggest that [the local defendant] is a nominal defendant, or that [it] has so few assets (including, for instance, buildings and trucks) that [the plaintiff] is not seeking significant monetary relief from it. Further, the complaint seeks injunctive relief against [the local defendant]. There is nothing in the complaint to suggest either that the injunctive relief sought is itself insignificant, or that [the local defendant] would be incapable of complying with an injunction.

*Coleman*, 631 F.3d at 1020. In *Coleman*, the plaintiff asserted virtually identical wage and hour claims as those at issue here.

It is also plain from the second amended complaint that Dav-El Los Angeles' "alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb). "The complaint alleges that [the local defendant] employed the putative class members during the relevant period, and that [the local defendant] has violated California law in a number of ways with respect to those employees." *Coleman*, 631 F.3d at 1020.

Defendants contend that "Plaintiff must point to a local defendant who individually, not as part of a group forms a significant basis for the alleged injury." (Defs.' Response at 10 (internal quotation marks omitted).) The Ninth Circuit has rejected this precise argument. *See Coleman*, 631 F.3d at 1020 ("The complaint also alleges that [the out-of-state defendant] has violated the same provisions of California law, but the allegations against [the out-of-state defendant] in no way make the allegations against [the local defendant], the actual employer, insignificant.").

In fact, CAFA's legislative history confirms that Plaintiff's allegations describe the prototypical local controversy exception. The Senate Report provides the following example:

> A class action is brought in Florida state court against a Florida funeral home regarding alleged wrongdoing in burial practices. Nearly all the plaintiffs live in Florida (about 90 percent). The suit is brought against the cemetery, a Florida corporation, and an out-of-state parent company that was involved in supervising the cemetery. No other class action suits have been filed against the cemetery. This is precisely the type of case for which the Local Controversy Exception was developed. Although there is one out-of-state defendant (the parent company), the controversy is at its core a local one, and the Florida state court where it was brought has a strong interest in resolving the dispute. Thus, this case would remain in state court.

*Coleman*, 631 F.3d at 1018-19 (quoting S. Rep. No. 109–14, at 41 (2005)). Thus, Plaintiff's allegation that the Dav-El "management staff working in California receives instructions and supervision from higher-ups in [Massachusetts], who are employed by related Dav-El entities, regarding break policies, record-keeping practices, and time-clock operations and other support" (2nd Am. Compl. ¶ 39), is of no moment with respect to the jurisdictional analysis.

Finally, it is manifest that California is where the "principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred." 28 U.S.C. § 1332(d)(4)(A)(i)(III). The putative class members' alleged injuries arose out of their work assignments in California.

In sum, the allegations of the second amended complaint preclude this Court's exercise of jurisdiction under CAFA's local controversy exception. Accordingly, this action is hereby **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**